UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASSANDRA A. NEALY,

    Plaintiff,

v.                              Case No:  6:24-cv-1498-CEM-LHP

KEVIN VILCHES,

    Defendant

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO PROCEED** *IN FORMA PAUPERIS* (Doc. No. 2)
>
> **FILED:** August 16, 2024
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED WITHOUT PREJUDICE**.

**I.    BACKGROUND.**

On August 16, 2024, Plaintiff Cassandra Nealy, appearing *pro se*, filed a form Complaint for Violation of Civil Rights against Defendant Deputy Kevin Vilches.

Doc. No. 1. Attached to the form complaint are several documents, including a four-page handwritten statement that appears to provide additional allegations for Plaintiff's claims (*id.*, at 7–10), an arrest affidavit and other documents relating to Plaintiff's arrest (Doc. No. 1-1, at 1–5), a "FARA Enforcement" information sheet (*id.*, 6–8), an "Affidavit of Truth (*id.*, 9–10), and a "Notice of Fee Schedule and Remedy for personal protection from Federal/State/County/City/Municipal/Corporation employees" (*id.*, 11–14). In the Complaint and her handwritten attachment, Plaintiff alleges that she is bringing suit against both Federal officials and State or local officials, and that the basis for jurisdiction is 42 U.S.C. § 1983 for violations of Articles 3, 6–11, and 12, the Bill of Rights, and the First and Fourth Amendments. Doc. No. 1, at 3, 7. Plaintiff also mentions "unreasonable search and seizures no probable cause." *Id.*, at 3.

While not entirely clear, it appears that Plaintiff is alleging that Defendant violated her rights when Defendant arrested her on July 10, 2024 for trespassing and resisting an officer without violence. Doc. No. 1, at 1–10; Doc. No. 1-1, at 1–5. In particular, Plaintiff contends that Defendant "personally wronged [her] by not reciting oath of affirmation when asked by [Plaintiff]," intentionally followed Plaintiff, "recorded the wrong information of date of birth year and name of [Plaintiff]," used excessive force when detaining Plaintiff, including handcuffing and throwing Plaintiff to the ground, denied Plaintiff's request for a "warrant of

due process," "deprived [Plaintiff] of requested supervisor during interaction with him," "knowingly deprived [Plaintiff] of right to travel," "searched [Plaintiff inappropriately]," arrested Plaintiff "on false pretense," "overpowered" her freedom of speech, falsified paperwork, and failed to provide Plaintiff her Miranda warnings. Doc. No. 1, at 8–10.

In terms of injuries, Plaintiff alleges she suffered bruises to her knees, arms, and forearms, and suffered severe depression and humiliation. Doc. No. 1, at 5. As relief, Plaintiff requests the Court bring charges against Defendant for false arrest, relieve him of his duty as a Deputy Sheriff Officer, and award Plaintiff compensatory and punitive damages in the amount of $500,000.00. *Id.*

With the complaint, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs, which has been construed as a motion to proceed *in forma pauperis*. Doc. No. 2. The motion has been referred to the undersigned, and the matter is ripe for review.

## II. STANDARD OF REVIEW.

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is

frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id*. § 1915(e)(2)(B)(i)–(iii).[1] A complaint is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662. Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules

---

[1] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III.   ANALYSIS.**

Upon review of Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2), it appears that Plaintiff qualifies as a pauper pursuant to § 1915(a)(1).   However, on review of the complaint (Doc. No. 1), the undersigned will recommend that it be dismissed with leave to amend for failure to plead a plausible claim for relief.

The Federal Rules of Civil Procedure mandate that a pleading contain the following:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).   The allegations must be simple, concise, and direct, and be set forth in numbered paragraphs.   Fed. R. Civ. P. 8(d)(1), 10(b).

Here, Plaintiff fails to set forth her claims in numbered paragraphs.   *See* Doc. No. 1, at 7–10; Fed. R. Civ. P. 10(b).   Plaintiff also does not explain how her claims against Defendant (who appears to be a state official with the Orange County Sheriff's Office, *see* Doc. No. 1-1, at 1) can be raised as a *Bivens* action, which

of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III.   ANALYSIS.**

Upon review of Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2), it appears that Plaintiff qualifies as a pauper pursuant to § 1915(a)(1).   However, on review of the complaint (Doc. No. 1), the undersigned will recommend that it be dismissed with leave to amend for failure to plead a plausible claim for relief.

The Federal Rules of Civil Procedure mandate that a pleading contain the following:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).   The allegations must be simple, concise, and direct, and be set forth in numbered paragraphs.   Fed. R. Civ. P. 8(d)(1), 10(b).

Here, Plaintiff fails to set forth her claims in numbered paragraphs.   *See* Doc. No. 1, at 7–10; Fed. R. Civ. P. 10(b).   Plaintiff also does not explain how her claims against Defendant (who appears to be a state official with the Orange County Sheriff's Office, *see* Doc. No. 1-1, at 1) can be raised as a *Bivens* action, which

"provides a parallel remedy for the deprivation of rights by a federal official" to 42 U.S.C § 1983's remedies for the deprivation of rights by state actors. *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. 2010).[2] *See Royster v. Fla. Dep't. of Rev.*, No. 8:23-cv-614-CEH-AEP, 2023 WL 6882344, at *6 (M.D. Fla. Sept. 13, 2023), *report and recommendation adopted*, No. 8:23-CV-614-CEH-AEP, 2023 WL 6878992 (M.D. Fla. Oct. 18, 2023) ("although Plaintiff checked the box asserting that he is bringing a *Bivens* claim . . . Plaintiff does not allege that any of the Defendants are federal officials. Thus, Plaintiff fails to state a claim pursuant to *Bivens* on which relief may be granted.").

Moreover, Plaintiff's complaint does not state a claim under 42 U.S.C. § 1983 upon which relief may be granted. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). The Eleventh Circuit "requires proof of an affirmative causal connection between the official's acts or omissions and the

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (citing *Williams v. Bennett*, 689 F.2d 1370, 1380, 1381 (11th Cir. 1982)).

But the complaint does not include any such allegations. *See* Doc. No. 1. Instead, Plaintiff cites to over a dozen Articles and Amendments of the United States Constitution, but does not explain how Defendant violated any of these constitutional provisions. *See* Doc. No. 1, at 3. *See also Perkins v. Fla. Highway Safety*, No. 6:24-cv-1302-CEM-DCI, 2024 WL 3927015, at *3 (M.D. Fla. July 23, 2024), *report and recommendation adopted sub nom.*, *Perkins v. Fla. Highway Safety*, No. 6:24-cv-1302-CEM-DCI, 2024 WL 3917604 (M.D. Fla. Aug. 22, 2024) ("Plaintiff cites Article VI [of the United States Constitution], and attaches its text to the Complaint, but offers no argument as to how this Article pertains to Plaintiff's claims. Accordingly, it cannot serve as a basis for a § 1983 action."); *Hannah v. Union Corr. Inst.*, No. 3:12-cv-436-J-20JBT, 2012 WL 1413163, at *1 (M.D. Fla. Apr. 23, 2012) ("More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983." (citing *L.S.T., Inc., v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam)); *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984)).

To the extent Plaintiff is attempting to allege a claim for false arrest, Plaintiff must allege that her arrest was made without probable cause, but she has failed to do so. *See* Doc. No. 1, at 8–9. *See also Wright v. Edwards*, No. 6:22-cv-1147-WWB-LHP, 2022 WL 20113297, at *2–3 (M.D. Fla. Oct. 17, 2022), *report and recommendation*

*adopted*, 2023 WL 4002560 (M.D. Fla. Jan. 30, 2023) (dismissing complaint raising § 1983 false arrest claim where plaintiff raised "conclusory allegation that his arrest was made without probable cause, without plausible factual recitations to support that claim" and where "although Plaintiff alleges that Defendant's probable cause affidavit contained false statements, outside of this conclusory statement and reference to delivery of a citation and a missing signature, *see* Doc. No. 6, at 6, Plaintiff does not allege any facts plausibly supporting that claim."); *Christman v. Holmes*, 448 F. App'x 869, 872 (11th Cir. 2011) (finding that the plaintiff's complaint did not state a claim because while the "complaint alleged that [the defendant officer] either knowingly or recklessly made false statements in an arrest affidavit . . . [plaintiff] did not allege any facts—such as what false statements [the officer] made, how they were material to probable cause or how [the officer] knew or should have known they were false—to support what amounted to a formulaic recitation of the elements") (citations and quotations omitted).

Similarly, to the extent Plaintiff alleges Defendant injured her by using excessive force during Plaintiff's arrest, Plaintiff's vague assertions that she was "overpowered" and hospitalized for her injuries are insufficient to allege a § 1983 excessive force claim. Doc. No. 1, at 5, 9–10. *See., e.g.*, *Lancaster v. Adams*, No. 3:21-cv-559-BJD-JBT, 2021 WL 4502796, at *2 (M.D. Fla. Oct. 1, 2021) ("If Plaintiff wishes to proceed on a Fourth Amendment excessive force claim against the arresting

officers, he must explain the circumstances under which force was used, including what he did and said, what each officer did and said, and the nature and extent of any injuries he sustained."). "Further, to state an excessive force claim, Plaintiff must demonstrate that the use of force was 'objectively unreasonable.'" *Zaldivar v. Nocco*, No. 8:20-cv-2343-WFJ-AEP, 2021 WL 5799376, at *2 (M.D. Fla. Dec. 7, 2021) (quoting *Kingsley v. Hendrickson*, --- U.S. ----, 135 S. Ct. 2466, 2473 (2015)). Here, Plaintiff has failed to plead sufficient facts to show that Defendant's actions were objectively unreasonable.

Because Plaintiff has not sufficiently alleged a plausible claim for relief, her complaint is due to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint. *See Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) ("Generally, a district court must *sua sponte* provide a *pro se* plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend." (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002))). Because it is at least possible that Plaintiff may file an amended complaint that states a claim within the Court's jurisdiction, the undersigned will recommend that the Court allow Plaintiff to file an amended complaint, within a time established by the Court.

Should Plaintiff be permitted leave to amend, Plaintiff is cautioned that in an amended complaint, she must include factual allegations stating a plausible claim for relief, which requires her to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citation omitted).

Therefore, in an amended complaint, Plaintiff must clearly allege the legal basis of the cause of action, whether a constitutional provision, treaty, statute, or common law.  Plaintiff must name as Defendants only those persons who are responsible for the alleged violations.  Plaintiff must allege in the body of the complaint, under a section entitled "Statement of Facts" and in numbered paragraphs, how each named Defendant participated in the activity that allegedly violated her rights.  Plaintiff must also allege some causal connection between each Defendant named and the injury she allegedly sustained.   One generally cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he or she participated in the deprivation of a person's rights or directed such action and/or omission that resulted in such deprivation.  Finally, Plaintiff must allege specifically harm or injury by the actions and/or omissions of the Defendant(s).

Because Plaintiff is currently proceeding without a lawyer, the undersigned directs her attention to the Court's website, http://www.flmd.uscourts.gov.  On

the Court's homepage, Plaintiff can find basic information and resources for parties who are proceeding without a lawyer in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers."

## IV. RECOMMENDATION.

For the reasons discussed herein, it is respectfully **RECOMMENDED** that the Court:

1. **DENY without prejudice** the motion to proceed *in forma pauperis* (Doc. No. 2);

2. **DISMISS** the complaint without prejudice (Doc. No. 1); and

3. **PERMIT** Plaintiff to file an amended complaint, within a time established by the Court, along with a renewed motion to proceed *in forma pauperis*.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

- 11 -

Recommended in Orlando, Florida on September 30, 2024.

*[Signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy